Okay, thank you. Good morning. I'm Paul Eaglin from Fairbanks, Alaska. I was appointed by the court to this case under the pro bono program. I would like to thank the court for the appointment and the opportunity to be of service. I would also like to thank Ms. Coker-Moore. Her clients were not served. There was no answer and they accepted the invitation to brief the case. So, and that was very helpful as well. Well, as always, the court is very appreciative of pro bono assistance and pro bono counsel in these cases. It not only makes it easier for the court, but I think also for other parties in the case to have counsel. And we appreciate the professionalism also of the school district's counsel here. Thank you. You may proceed. And this is a really interesting one, too, because, I mean, we have the situation which we have, as probably many jurisdictions have, this great concern about abuse of children. And so the response, or at least one response in Oregon, is to have an extended statute of limitations. Of course, since this is a 1983 action and the general statute is the two years, except that what I'm arguing on behalf of Mr. Bonneau is that if we look at the accrual principle under 1983, of course, that's a federal determination. If we were to determine accrual under the federal purposes, the question arises, well, when did it accrue? We argue that it accrued according to his allegations in the unanswered complaint. All that the District of Oregon had before it was his complaint in his affidavit. And he asserted repressed memory, recent recollection of events. Stimulated by various things that he mentions in the statement. Mr. Eaglin, we do have another accrual statute here, do we not? I forget the number. Oh, there's the 3R, the 12-117, which is the limit. That's the big one. In some ways, limitless. That's the one you would like us to apply. Because he was, what, 33 when he filed his claim, I think. Like to apply the tolling aspect of it. Yes. Because one... Accrual, we have to stick with federal law. Right. Exactly. Right. And so I think there, when you look at the two-year limit, the general statute, but then if you apply accrual to a circumstance such as this, Mr. Bonneau, or any other person who has had repressed memory, I cite and rely heavily on the Jasmine case. Because that was a well-articulated decision by an Oregon appellate court talking about the circumstances in which there can be well-substantiated, medically well-substantiated basis for the person to have not only documentation of repressed memory, but an inability as a consequence of the disability inflicted by the child abuse from being able to do anything. That's the point of going with an accrual rule that looks towards state tolling principles, as in Jasmine, is what I was arguing in the brief. I guess the question I had is whether the way this was argued in the court below, whether that actually is even appropriate, because he really raises that more on a motion for reconsideration, I thought. I was trying to address all of it together then. Maybe I shouldn't have. Well, you know, I understand why you would do that. Because it does seem like one case. But with respect to the accrual, it wasn't clear to me that was actually squarely addressed below. Not that it isn't federal law, but that somehow there's these factual, you're basically saying there's factual issues that should let this complaint survive. Is that right? And that it should go to a service of process, answer, and more development, rather than what you had here. I mean, we have the general problem, I think, is just indeterminacy. One response is what the District of Oregon did, which is to just chop it off with the find the two-year statute, apply the two-year statute, irrespective, apparently, of the psychic repression that may be prevalent in a number of these types of cases. And so they just dismiss it without service of process, without answer. Another difficulty, the other extreme, I think, would be, as Ms. Coker-Moore pointed out in the briefing, potentially this is limitless. Well, that gets to the question I started to ask, which was ORS 12.160, which is, I guess I'd call it the middle ground. I think as I read that statute, it is an Oregon accrual statute that extends or allows the claim to be filed as late as a year after attaining age 18, if the actions occurred while you were there. So it would have been in the mid-70s for him, I believe. Right. Yeah. But I would say on his behalf that, or others for that matter, speaking of victims more broadly, where there is, in fact, repressed memory and documentation, medically substantiated documentation of this type of psychic repression, that under a 1983 cause of action, even with the borrowing of the two-year statute limitations with accrual, applying accrual, that I think would let the case proceed far enough in the trial court level to make the types of determinations that the Jasmine Court did in its case, where it looked at and compared the Jasmine situation to the Flanningham, where there was a lack of that, just basically mere assertions with little in the way of substantiation. His allegation is essentially abusive, two incidents of abusive corporal punishment that occurred at the ages of, what, 10 to 12, maybe? About 10, 11, I think. 10 or 11 years of age. Fifth and sixth grade. Right, fifth and sixth grade. So what we don't have, I guess, is at this point any kind of psychiatric evidence that those kinds of incidents would be akin to long-term child sexual abuse that may have occurred when someone was as young as three or four or five. Right. We don't have that. But what we do have is just his representation in a declaration. He makes mention of another case and a medical report that is in another case. He gives the case number and so forth. And he says there's this medical report here that he says documents the repression, and that seems to be what he was relying on. But as you had indicated earlier, that was in the later phase. That was in the reconsideration phase, not at that initial complaint. But I tended to just take it all together. I understand. And it's also, you may or may not have an answer to this, but it did seem to me that even if he didn't have a claim under federal law, you know, I don't know. And, of course, the district court didn't address his state law claims. But given these special Oregon statutes, he may potentially fall within some of their extensions or otherwise, even if he didn't within the federal law at this stage. Right. But obviously he filed this. In federal. In federal court. Because most prisoners file their cases in federal court. Right. When I began working on this, I wondered why federal court, after looking at this, I mean, his chances seem to be a whole lot better in Oregon state court. You wouldn't be running into these sorts of difficulties. Right. Did you want to save the remaining time for rebuttal? I would like to. Yeah. Thank you. Good morning. May it please the court. I'm Leslie Coker-Moore. I represent the Centennial School District and the other defendant appellees in this case. If ORS 12.117 is a statute of limitation, then that essentially ends the argument. Because the case law is clear that you don't take a special targeted statute of limitation for 1983 claims. Instead, you rely upon the general or residual statute of limitation, which is 12.110. 12.117 has two parts to it. It must be commenced by age 40 or, if you haven't discovered by then, within five years of the discovery. That doesn't turn it into something other than a statute of limitation. That doesn't turn it into a tolling provision. Yes, it has two parts, but there are just alternative methods of calculating the time in which to bring your action. And that is not unusual for this type of statute of limitation. The Washington statute of limitation, which is referenced in our briefs and is cited in Owens v. Acure, is the same type of statute. It must bring within three years of the act or within three years of the discovery. And so with all respect to the argument in the briefing that a footnote is just a footnote, a footnote is important in this case in Owens v. Acure because that Washington statute is specifically referenced in that footnote 8 as one of the quote, state intentional tort statutes of limitation, unquote. It's one of the prescriptions. This is not what we're going to use, and it's the same type of statute as we have in Oregon. So if you accept that 12.117 is a statute of limitation, that's the end of it. The statute of limitation was the two-year. It was subject to the tolling provision in 12.160, but that tolling provision ended when he reached the age of 19 years. So essentially, I think the argument, there's two attempts to get around the application of 12.117. One is to argue the second half is a tolling provision, which I think I've addressed in part. I mean, there's really no support for that. It doesn't interrupt or suspend the running of a statute of limitation. Instead, it governs when does that statute start to run. So it is an accrual provision within the statute of limitation. The other argument that's raised is that this court should adopt some form of discovery, delayed discovery, such as what's used in ORS 12.117 in dealing with 1983 claims that involve allegations of some form of abuse. There's no case that suggests that approach. There's no case that suggests taking part of a non-applicable statute of limitation and then engrafting it upon the applicable statute of limitation. The case law is clear that federal law governs accrual, and that accrual occurs when the plaintiff knows or has reason to know of the injury that's the basis of the cause of action, and that the cause of action accrues even though the full extent of the injury is not then known or predictable. So delayed discovery does not apply in this case. Even if some element of delayed discovery could be argued to apply, that's not found in plaintiff's First Amendment complaint, as the court recognized. We have a complaint that's first filed that the court dismisses as time barred on its face. Then we have a second amended complaint that's filed. This time we see these while I reviewed some documents, and that triggered something as far as I think the phrase he uses is realization of certain details relevant to deliberate indifference on the part of the school district, et cetera. Judge King looks at that and says, no, that doesn't make it. That's untimely on its face, dismisses the amended complaint, and then for the first time we see a motion for reconsideration with for the first time this reference to these memories were repressed. The standard is what is on the face of the complaint, and this does appear to be an effort to tailor each subsequent filing as a response to the basis for the prior complaints being dismissed. But the motion for consideration is not a complaint. Judge King was correct in stating that Plaintiff knew of the injury when he was allegedly assaulted, and that the review of documents at some later time doesn't raise an inference that accrual occurred at some other time. I did want to take a moment to talk about some of the Oregon authorities that were cited in the appellant's brief. Jasmine v. Ross, an Oregon Court of Appeals case from 2001, is certainly the most discussed case. The key point is that that's not a 1983 case. That was a plaintiff who sued a step-uncle for alleged sexual abuse. It went to jury verdict. It came to the court on objection to the fact that the trial court didn't direct verdict on the statute of limitation under 12.117. 12.117 was the statute of limitation in that case. 12.117 is not the statute of limitation in this case. The argument in the reply brief seems to be that this court should create a new statute of limitation for cases involving childhood abuse in 1983 claims. And that's a legislative task. If Congress wished to adopt some different form of statute of limitation for sexual abuse claims or child abuse claims brought in federal court, it certainly could do that. I will note that this was raised by one of the judges that Jasmine and the other Oregon case relied on extensively. The AKH case were both sexual abuse cases, which do bear some distinction from a physical abuse case such as this. ORS 12.117, our Oregon statute, does lump those two together for purposes of Oregon cases. However, many other legislatures have broken those out and will apply a special statute of limitation to sexual abuse cases but not necessarily to physical abuse cases. And that appears to be some recognition of an issue of perhaps repression that is present in or could be present in sexual abuse cases but not in physical abuse cases. I would submit that a reading of the reply brief essentially takes us full circle back to Judge King's opinion and order. The reply is not so much an argument that Judge King got it wrong, that he applied the wrong law or came up with the wrong conclusions, but essentially that it should be wrong because this is a child abuse case. That's an argument that requires the court to ignore very clear case law on what statute of limitation applies, whether there's tolling or not tolling, and how accrual applies in federal court. So obviously we urge the court not to depart from those precedents. But even were that to be done, this particular case, this First Amendment complaint, doesn't raise an inference of an accrual later than the time that the alleged abuse occurred. Thank you. Thank you. I'd just like to say briefly that we can't be sure that how like or unlike sexual abuse or repression due to sexual abuse or repression due to physical abuse are. I certainly don't have the medical expertise for that. I think one way to find that out would be to let a case proceed a bit farther along than a summary dismissal based on the face of the complaint alone. And that's why I do rely on a case such as Jasmine, which compares itself to Flanagan, because it does show the merits of permitting a case to develop to some extent. So there can be a better articulation of a reasoned basis for. The problem I have with accepting your invitation is that seems to go against the theme that I read in Owen and in the other Supreme Court case, Owen's Wilson, where the Supreme Court is essentially saying we don't tailor our statute of limitation analysis to the type of claim that's being alleged. We are directing federal courts to look to the general statute of limitation so that there is as much uniformity as we can achieve in a non-uniform area with 50 states and differing statutes of limitation. And yet it seems to me that you're inviting us to boldly go where the Supreme Court has suggested we ought not to tread. I don't believe that it would be opening up quite as much as what they might be suggesting by that type of response, because it seems to me in a great run of these cases, many of them with a little bit of development probably would come to an end rather quickly, because the farther out in time a claim is brought, there will be the absence of witnesses, unavailability, death, and so forth. The evidence is going to be non-probative or whatever probative value it has is going to be greatly diminished. A person who's bringing a claim that far out is going to be at a huge disadvantage. And so it seems to me if there were permitted some development other than summary dismissal, then... Of course, the challenge to your invitation is figuring out how to fit that in the federal accrual rules, isn't it? I mean, that's where we'd have to look. It'd have to go under that part of the analysis, wouldn't it? Right, and that's why I say that I think that the way to look at accrual or a way to look at accrual is to at least initially accept the person's assertion that the recollection arose recently and then test that. And that would be one of the first things done in the course of the litigation of the discovery phase, I'm sure, is to test that. Thank you. Thank you. I'd like to thank both counsel for your argument this morning. Also, particularly Mr. Eaglin for coming from Alaska and for assisting the court in our pro bono program. Also, thank you, Ms. Cocher-Moore. And the case of Bono v. Centennial is submitted.
judges: Tashima, McKeown, Tallman